**The below described is SIGNED.**



**Dated: April 28, 2006**    _____*Glen E Clark*_____

**GLEN E. CLARK**
**U.S. Bankruptcy Judge**

---

BEAN & SMEDLEY
Christina L. Micken (9164)
Attorney for Janall Black
471 W. Heritage Park Blvd.
Layton, Utah  84041
Phone: (801) 825-3477
Fax: (801) 774-0318

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

|  |  |  |
|---|---|---|
| In re DAVID E. BLACK, | : | Case No. 05-23388 GEC |
|  | : |  |
| Debtor, | : | Chapter 7 |
|  | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
| JANALL BLACK, | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
| DAVID E. BLACK, | : | Adversary Proceeding No.05P 2268GEC |
|  | : |  |
| Debtor. | : |  |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

This matter having come before the court on February 6, 2006 at a trial held before

2

Judge Glen E. Clark; and Christina L. Micken having appeared as counsel for plaintiff and

Brent E. Johns having appeared as counsel for defendant; the Court makes the following

Findings of Fact and Conclusions of law in this matter:

    1. At the time of the divorce, the parties had two minor children and their income was

roughly equal. This is a dispute only with respect to the debtor's obligation to pay the home

equity loan under the Decree of Divorce. There is no dispute as to the debtor's obligation to pay

one half of the medical expenses of the minor children and there is no dispute as to his obligation

to pay child support.

    2. The Tenth Circuit Court of Appeals of the United States has stated the law clearly in In

Re Merrill, 246 B.R. 906 (Bankr. N.D. Okla. 2000). The critical question in determining whether a

debt serves the function of support may be determined by looking at the financial situation of the

parties at the time of the divorce. The current incomes of the parties are irrelevant. In In Re

Yeates, 807 F.2d 874 (10th Cir. 1986), the Court states that incomes must be ascertained at the time

that the agreement was entered into. In Sylvester v. Sylvester 865 F.2d 1164 (10th Cir. 1986), the

court states that a bankruptcy court is not supposed to inquire into the parties' current financial

obligations, but rather the circumstances as they existed at the time. In In re Robinson 961 F. 2d

252 (10th Cir. 1990), the 10th circuit found that a former wife's refinance of a trust deed did not

eliminate the husband's obligation to continue to make payments on that obligations pursuant to

the Decree of Divorce.

    3. In this case the plaintiff did get further advances post decree which is her obligation

and not the obligation of the debtor. There has been testimony that debt has been satisfied and

that the debtor's obligation has been unaffected by the refinance or post decree advances.

    4. The Court asked the debtor if he had agreed to pay the debt in question to assist the

3

plaintiff with her and the children's support and he said that he had agreed to pay the debt.

5. The debtor's obligation under the Decree of Divorce to pay the home equity loan is in the nature of support and maintenance and is nondischargable.

DATED this _____ day of _____, 2006.


_____
United States Bankruptcy Judge


APPROVED AS TO FORM:


_____
Brent E. Johns


## CERTIFICATE OF DELIVERY

I hereby certify that on this ___8th___ day of ___March___, 2006, I delivered a true and correct copy of the foregoing Findings of Fact and Conclusions of Law to the following:

☑Via Mail (Postage Pre-paid)     ☐Via Fax        ☐Via Hand Delivery


Brent E. Johns
Attorney at Law
290 25th Street, Suite 207
Ogden, Utah 84401